UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KELLY AMARO, on her own
and on behalf of others similarly
situated,

      Plaintiff,

v.                                 Case No.: 8:05-CV-2243-T-24TGW

YVONNE'S PROPERTY MANAGEMENT,
INC., a Florida corporation,

      Defendant.

_____/

## ORDER

      This cause comes before the Court on Plaintiff's Motion for an Order Permitting Court Supervised Notice to Employees of Their Opt-In Rights.  (Doc. No. 18).  Defendant opposes this motion.[1]  (Doc. No. 21).

      Plaintiff Kelly Amaro was employed by Defendant Yvonne's Property Management, Inc. as an hourly employee to perform various customer/guest service functions for Defendant.  (Doc. No. 18: Amaro affidavit, ¶ 5).  Specifically, Plaintiff would book reservations, assist guests in the registration process, perform data entry, and inspect and maintain homes for new guest arrivals.  (Doc. No. 18: Amaro affidavit, ¶ 5).

      Plaintiff filed an amended complaint in which she brings claims for violations of the Fair Labor Standards Act ("FLSA").  (Doc. No. 4).  Specifically, Plaintiff contends that she and other

---

[1]Defendant's opposition does not comply with Local Rule 3.01(b), since it does not contain a brief or legal memorandum.  As such, the Court could strike the document for non-compliance.

hourly paid clerical employees were not paid an overtime rate for hours worked in excess of forty per week.[2]  (Doc. No. 18: Amaro affidavit, ¶ 7-8).  Three other hourly clerical employees have joined as plaintiffs in this lawsuit.  (Doc. No. 10, 17).

Plaintiff now moves for an order permitting Court supervised notice to hourly employees that worked for Defendant at any time since December 7, 2002 who were not paid an overtime rate for hours worked in excess of forty per week informing them that they may join this lawsuit.[3]  A court may issue an order requiring notice to similarly situated employees that informs them of their right to join a collective action under the FLSA.  See Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165 (1989); Dybach v. State of Florida Department of Corrections, 942 F.2d 1562, 1567 (11th Cir. 1991).

Defendant objects to Plaintiff's motion, arguing that Plaintiff has not met the requirements of Local Rule 4.04 and the requirements of Federal Rule of Civil Procedure 23, both of which deal with class actions.  Defendant, however, has not shown that these rules are applicable to collective actions under the FLSA, and as such, the Court rejects Defendant's argument on this issue.

Defendant has not specifically objected to the form or scope of the notice.  The Court has reviewed the proposed notice and has made several changes so that it clearly conveys what the case is about, who is invited to join, that there is no guarantee that consenting to join in this case

---

[2]Additionally, Plaintiff claims that she has been retaliated against by Defendant for filing this lawsuit.

[3]Pursuant to 29 U.S.C. § 216(b), an employee cannot be a party to a collective action under the FLSA unless he gives his consent in writing to become such a party and the consent is filed in the court in which the action was brought.

will result in a monetary award, and the options and consequences for deciding whether to join in this case.  Accordingly, the Court approves the revised notice and consent to join form that are attached to this Order.

Accordingly, it is ORDERED AND ADJUDGED that:

(1)     Plaintiff's Motion for an Order Permitting Court Supervised Notice to Employees of their Opt-In Rights (Doc. No. 18) is **GRANTED IN PART AND DENIED IN PART**;

(2)     Plaintiff may send out the opt-in notice and consent form to hourly paid clerical employees of Defendant that were employed by Defendant at any time since December 7, 2002;

(3)     The opt-in notice and consent form shall be in the form attached to this Order.

**DONE AND ORDERED** at Tampa, Florida, this 18th day of July, 2006.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

3